Submitted June 30, reversed and remanded December 16, 2009

MERITAGE AT LITTLE CREEK,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Blaine Helms,
*Respondents.*

Employment Appeals Board
08AB0637; A138597

222 P3d 736

Lucas W. Reese and Garrett Hemann Robertson P.C. filed the brief for petitioner.

Denise G. Fjordbeck, Attorney-in-Charge, Civil / Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent Blaine Helms.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Employer seeks judicial review of an Employment Appeals Board order dismissing employer's request for a hearing on the ground that the request was not timely and employer did not have good cause for missing the deadline. Employer contends that it did have good cause: it filed late because both the Employment Department and the Office of Administrative Hearings told its attorney that employer had prevailed and did not need to appeal. We reverse and remand.

The following facts are undisputed. After working for employer for five years, claimant left work and filed a claim for unemployment compensation benefits. The Employment Department (department) denied the claim in an administrative decision issued on December 27, 2007. Claimant requested a hearing to challenge that decision; the department granted that request and set a hearing for January 22, 2008, to be conducted by an administrative law judge (ALJ) from the Office of Administrative Hearings (OAH). However, before that date—on January 10—the department apparently reconsidered and issued an amended administrative decision granting benefits to claimant. Employer received a copy of that decision and believed it to be wrong. The order contained the following notice:

> "THIS DECISION CANCELS BY AMENDING THE ADMINISTRATIVE DECISION ISSUED December 27, 2007[.] NOTE—The prior decision(s) which this order supersedes is no longer of any force or effect."

Claimant was notified of the amended order as well and presumed that the hearing before the ALJ was no longer necessary: the purpose of that hearing was to argue that the December 27 denial was erroneous, and the department had now come to that conclusion on its own.

Apparently, however, nobody told the OAH that the December 27 denial had been superseded, and an ALJ went ahead with the hearing. Employer attended, but claimant, believing that he had already prevailed, did not. Because claimant did not appear, the ALJ dismissed claimant's

request for hearing and ruled that the December 27 decision in favor of employer was "undisturbed."

At that point, then, there were two orders: the "undisturbed" December 27 order *denying* benefits to claimant, and the January 10 order *allowing* them. Employer was confused. It contacted its attorney, and the attorney contacted both the department and the OAH to find out whether he needed to appeal the January 10 decision in favor of claimant; the attorney knew that the deadline for doing so was January 30. Both agencies informed him that the controlling decision was still the "undisturbed" one from December 27 denying claimant's benefits and that no appeal was necessary. The attorney passed that information on to employer.

On February 7, a week after the appeal deadline had passed, the department informed employer that it had made an error and that the (adverse) January 10 decision, not the (favorable) December 27 decision, was controlling. Employer immediately requested a hearing, notwithstanding the fact that the deadline for doing so had passed on January 30. The ALJ dismissed the request, concluding, "Because the employer did not file a timely request for hearing and did not establish good cause to extend the appeal period, it is not entitled to a hearing on the merits of the amended decision. That decision remains undisturbed." The ALJ reasoned:

> "For an Employment Department or OAH employee's statements about when or if the employer should file its request for [a] hearing to support equitable estoppel, the employer must have reasonably relied upon misleading information from the agency representative. * * * [Employer] did not rely upon misleading information from agency representatives, but rather upon information provided to him by his attorney."

(Internal citations omitted.) Employer appealed the ALJ's decision to the Employment Appeals Board (EAB), which affirmed, reasoning as follows:

> "[T]he Department's decision is final unless good cause is shown to extend the time for filing. ORS 657.269 and ORS 657.875. The request for hearing may be accepted only if the employer's failure to file a timely request was beyond its reasonable control. OAR 137-003-0528.

"The employer filed a late request for hearing as the result of inadvertence or neglect, which are within a party's reasonable control to avoid, and so do not amount to good cause under Oregon law.

"The request for hearing may not be accepted."

Employer seeks judicial review.

Generally, a party may appeal an adverse department decision within 20 days. ORS 657.269. However, for good cause, the period may be extended for a time that is reasonable under the circumstances of each case. ORS 657.875. " 'Good cause' exists when the appellant provides satisfactory evidence that factors or circumstances beyond the reasonable control of the appellant caused the late filing." OAR 471-040-0010(1). Here, the EAB determined that the late request resulted from inadvertence or neglect. Those are factual determinations that we review for substantial evidence. ORS 183.482(8)(c). "Inadvertence" means, as relevant, "lack of care or attentiveness : INATTENTION." *Webster's Third New Int'l Dictionary* 1139 (unabridged ed 2002). "Neglect" means the act of "giv[ing] little or no attention or respect to : consider[ing] or deal[ing] with as if of little or no importance." *Id.* at 1513. There is *no* evidence in this case to support the EAB's finding that employer's late filing was due to employer's inattention or failure to give the matter immediate consideration. When confronted by conflicting orders, employer immediately did what any prudent employer would do: it contacted an attorney. The attorney, in turn, did what any prudent attorney would do: he contacted the agencies.

The EAB, as noted, ultimately found that employer did not qualify for late filing because the factors that caused lateness, that is, inadvertence and neglect, were within its reasonable control. We conclude that there is no evidence of inadvertence or neglect. EAB therefore erred in dismissing employer's request for a hearing. We reverse and remand with instructions that employer be afforded a hearing on the merits of the department's January 10, 2007, decision.

Reversed and remanded.